IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| FRANK HAUSMANN and JANET HAUSMANN, husband and wife, | 05-CV-1735-BR |
| Plaintiffs, | AMENDED OPINION AND ORDER |
| v. | |
| LAURENCE C. THOMAS dba L THOMAS CONSTRUCTION, | |
| Defendant. | |

SARAH GREENLEY
The Aldrich Law Office, P.C.
522 S.W. Fifth Avenue, Suite 1230
Portland, OR  97204
(503) 968-1475

    Attorneys for Plaintiffs

MARTHA J. HODGKINSON
DEBRA E. VALURE
Hoffman, Hart & Wagner, LLP
Twentieth Floor
1000 S.W. Broadway
Portland, OR  97205
(503) 222-4499

    Attorneys for Defendant

1 - AMENDED OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Plaintiffs' Motion to Abate Case for Arbitration (#5).  On May 5, 2006, the Court heard oral argument and took the Motion under advisement.

For the reasons that follow, the Court **GRANTS** Plaintiffs' Motion on the conditions that (1) Plaintiff Janet Hausmann submits to the Court within fourteen days from the date of this Opinion and Order a written stipulation agreeing to be bound by the decisions of the arbitrator as if she were a party to the contract and (2) Plaintiffs initiate arbitration proceedings within thirty days from the date of this Opinion and Order.  If either of these contingencies do not occur, the Court will vacate this Order and this matter will proceed on the merits.

## BACKGROUND

The following facts are undisputed for purposes of the pending Motion unless otherwise noted.

In the mid-1990s, Plaintiffs hired Defendant to act as a general contractor for the construction of their home.  The construction contract contained an arbitration clause that required in pertinent part:

> All claims or disputes between the Contractor and the Owner arising out of or relating to the Contract Documents, or the breach thereof, shall be decided by arbitration . . . unless the parties mutually agree otherwise and subject to an initial

2 - AMENDED OPINION AND ORDER

>   presentation of the claim or dispute to the
>   Architect as required under Paragraph 15.5.

* * *

>   The agreement herein . . . to arbitrate . . .
>   shall be specifically enforceable under applicable
>   law in any court having jurisdiction thereof.

Defendant completed construction of the home, and the City of Beaverton issued a conditional certificate of occupancy on March 7, 1995. Beaverton issued a final approval on June 5, 1995.

According to Plaintiffs, they discovered in September 2004 that the original construction of their house was defective, and, as a result, they suffered property damage.

Plaintiffs sent a notice-of-defect letter to Defendant pursuant to Oregon Revised Statutes § 701.565(1), which provides in pertinent part:

>   An owner may not compel arbitration or commence a
>   court action against a contractor . . . to assert
>   a claim arising out of or related to any defect in
>   the construction . . . of a residence . . . unless
>   the owner has sent that contractor . . . a notice
>   of defect.

Defendant received the letter on May 31, 2005. On June 14, 2005, Defendant sent Plaintiffs a response in accordance with Oregon Revised Statutes § 701.570(5), which provides in pertinent part:

>   Unless otherwise agreed to by the owner, a
>   contractor . . . that receives a notice of defect
>   . . . shall send a written response to the owner
>   not later than 90 days after the contractor . . .

3 - AMENDED OPINION AND ORDER

>    receives a notice of defect.

Defendant, however, did not offer Plaintiffs remediation or monetary compensation.

Oregon Revised Statutes § 701.585(1) provides in pertinent part:

> If an owner sends a contractor . . . a notice of defect within the time allowed for the owner to commence a court action against that contractor . . . the time for the owner to commence the action shall be extended, notwithstanding any statute of limitation or statute of ultimate repose, until the later of:
>
> (a) One hundred and twenty days after the owner receives a written response from the contractor . . . that received the notice of defect if the written response does not contain a written offer to perform remediation or pay monetary compensation for one or more of the defects or incidental damage described in the notice of defect.

On October 11, 2005, Plaintiffs filed a complaint in Washington County Circuit Court in which they alleged Defendant breached the construction contract, performed its work negligently, and was negligent *per se* because it failed to comply with the building code. In their complaint, Plaintiffs stated explicitly that they did not waive their right to arbitrate the dispute.

On November 15, 2005, Defendant removed the matter to this Court on the basis of diversity jurisdiction.

On March 17, 2006, Plaintiffs filed a Motion to Abate Case for Arbitration in which they request the Court stay this matter

4 - AMENDED OPINION AND ORDER

pending arbitration.

## STANDARDS

Oregon Revised Statutes § 36.620(1) provides:

> An agreement contained in a record to submit to arbitration any existing or subsequent controversy arising between the parties to the agreement is valid, enforceable and irrevocable except upon a ground that exists at law or in equity for the revocation of a contract.

## DISCUSSION

Plaintiffs move to abate this matter in order to arbitrate their dispute.  Defendant, however, opposes abating this matter on the ground that Plaintiffs waived the right to arbitrate when Plaintiffs expressly consented to this Court's jurisdiction by filing a Consent to Magistrate and when Plaintiffs did not demand arbitration within a reasonable period.  Defendant also contends the Court should not abate this matter because   (1) Plaintiffs have not made an initial presentation of their claim to the Architect as required under ¶¶ 15.5 and 15.8 of the contract, (2) the statute of limitations and/or the statute of ultimate repose has run, (3) Plaintiffs' negligence claims are not subject to arbitration, and (4) Plaintiffs have not filed a notice of arbitration or filed an arbitration proceeding.

### I.   Choice of Law

Parties may specify the law that will govern their contracts

5 - AMENDED OPINION AND ORDER

as long as the choice is not forbidden by fundamental public policy.  *Consul Ltd. v. Solide Enter., Inc.*, 802 F.3d 1143, 1147 (9th Cir. 1986).  *See also Fiedler v. Bowler*, 117 Or. App. 162, 166, 843 P.2d 961 (1992).  The contract between the parties provides Oregon law will govern any disputes.

None of the parties contends their choice of Oregon law is prohibited by public policy nor can the Court discern any reason why the parties' choice would violate fundamental public policy. Accordingly, the Court applies Oregon law.

**II. Plaintiffs Did Not Waive Their Rights to Arbitration**.

As noted, Defendant contends Plaintiffs waived their right to arbitrate when (1) Plaintiffs expressly consented to this Court's jurisdiction by filing a Consent to Magistrate and (2) Plaintiffs did not demand arbitration within a reasonable time.

**A. Standards**

Waiver is the "voluntary relinquishment of a known right."  *Shoup v. Wal-Mart Stores, Inc.*, 171 Or. App. 357 (2000). "'To make out a case of waiver of a legal right there must be a clear, unequivocal, and decisive act of the party showing such a purpose or acts amounting to an estoppel on his part.'"  *McMillan v. Follansbee*, 194 Or. App. 145, 155 (2004)(quoting *McMillan v. Montgomery*, 121 Or. 28, 32 (1927)).

To show Plaintiffs waived their right to arbitrate,

Defendant must establish Plaintiffs "(1) [had] knowledge of an existing right to compel arbitration; (2) act[ed] inconsistent with that existing right; and (3) [Defendant was] prejudice[d] [by] . . . such inconsistent acts." *See Letizia v. Prudential Bache Sec.*, 802 F.2d 1185, 1187 (9th Cir. 1986). *See also Wilbur-Ellis Co. v. Hawkins*, 155 Or. App. 554, 557 (1998).

   **B.   Plaintiffs Did Not Consent to A Magistrate.**

The docket does not reflect Plaintiffs filed a magistrate consent, and Plaintiffs stated in their Reply that they did not consent to a magistrate.  At oral argument, Defendant conceded Plaintiffs had not filed a magistrate consent form.

Thus, even if consenting to a magistrate were sufficient to waive a party's right to arbitrate, it is irrelevant here because Plaintiffs did not file a consent. Accordingly, the Court concludes Plaintiffs have not waived their right to arbitrate on this ground.

   **C.   Plaintiffs Requested Arbitration Within A Reasonable Time and Did Not Perform Acts Inconsistent with Their Right to Arbitrate.**

Defendant contends Plaintiffs waived their right to arbitrate because Plaintiffs did not demand arbitration within "a reasonable time" as required by the contract.

The record reflects five months passed between the time Plaintiffs filed their complaint in state court and when they

7 - AMENDED OPINION AND ORDER

filed their Motion to Abate Case for Arbitration in this Court. At oral argument, Plaintiffs explained they did not have a copy of their contract with Defendant until "only recently," and, therefore, they did not know the contract contained an arbitration clause before now.  The record also reflects the parties have not engaged in extensive litigation or other activities that would demonstrate Plaintiffs did not intend to seek arbitration.  In addition, although Defendant contends the parties have engaged in discovery, it did not dispute at oral argument that the discovery for this litigation is likely the same discovery the parties would have to engage in for purposes of arbitration.

      Finally, Defendant initially contended it would be prejudiced if the Court allowed this matter to be abated pending arbitration because "filing of the arbitration . . . would result in a second, much later, commencement date for determining whether the statute of ultimate repose has run."  At oral argument, however, Plaintiffs stipulated to be bound by the date of the notice-of-defect letter issued on May 25, 2005, for purposes of the statute of limitations and the statute of ultimate repose.  Plaintiffs also agreed to be bound by the decision of the arbitrator with respect to the issue of the statute of ultimate repose and stipulated they would not challenge the arbitrator's ruling on that matter in a later court

8 - AMENDED OPINION AND ORDER

action.  Moreover, Plaintiffs agreed at oral argument that Janet Hausmann would be bound by the arbitrator's decision even though she was not a party to the contract.  In light of Plaintiffs' stipulations on the record, Defendant conceded it no longer had concerns of prejudice stemming from the issue of the statute of limitations or the statute of ultimate repose.

In summary, the Court concludes Plaintiffs demanded arbitration within a reasonable time; Plaintiffs did not perform a clear, unequivocal, and decisive act that is inconsistent with their right to arbitrate; and Defendant would not be prejudiced if the Court allowed this matter to be abated pending arbitration.  Thus, the Court concludes on this record that Plaintiffs did not waive their right to arbitrate this matter.

**III. Defendant's Other Objections Do Not Preclude Arbitration.**

Defendant also contends the Court should not abate this matter for arbitration because (1) Plaintiffs have not made an initial presentation of their claim to the Architect, (2) the statute of limitations and/or the statute of ultimate repose has run, (3) Plaintiffs' negligence claims are not subject to arbitration, and (4) Plaintiffs have not filed a notice of arbitration or filed an arbitration proceeding.

    A.    **Presentation of Claim to Arbitrator**

Defendant contends the Court should not abate this matter for arbitration because Plaintiffs have not fulfilled a

condition precedent to commencing arbitration under the contract: *i.e.*, initially presenting their claim or dispute to the Architect. As noted, ¶ 15.8 of the construction contract provides:

> All claims or disputes between the Contractor and the Owner arising out of or relating to the Contract Documents, or the breach thereof, shall be decided by arbitration . . . subject to an initial presentation of the claim or dispute to the Architect as required under Paragraph 15.5.

In addition, Paragraph 15.5 of the contract provides:

> The Architect will interpret and decide matters concerning performance under and requirements of the Contract Documents on written request of either the Owner or Contractor. The Architect will make initial decisions on all claims, disputes or other matters in question between the Owner and Contractor, but will not be liable for results of any interpretations or decisions rendered in good faith. The Architect's decisions in matters relating to aesthetic effect will be final if consistent with the intent expressed in the Contract Documents. All other decisions of the Architect, except those which have been waived by making or acceptance of final payment, shall be subject to arbitration upon the written demand of either party.

According to Plaintiffs, the contract only requires the Architect to address disputes if either party requests that he do so, and, therefore, presentation of a dispute to the Architect is not a condition precedent to arbitration under the contract.

Nevertheless, whether presentation of a claim to the Architect is a condition precedent to arbitrate is not an issue for this Court. Oregon Revised Statute § 36.620(4) provides:

10 - AMENDED OPINION AND ORDER

"An arbitrator shall decide whether a condition precedent to arbitrability has been fulfilled."

Accordingly, the Court concludes an arbitrator must interpret the contract to determine whether Plaintiffs are required to submit this dispute to the Architect before initiating arbitration.

### B.   Statute of Limitations and Statute of Ultimate Repose

Defendant contends the Court must determine whether the statute of limitations and/or the statute of ultimate repose has run on Plaintiffs' claims before it can decide whether this matter should be abated for arbitration.  In support of its contention, Defendant relies on *Union County School District Number 1 v. Valley Inland Pacific Constructors*, 59 Or. App. 602 (1982).

In *Union County*, the plaintiff brought a declaratory judgment action seeking a declaration that it was not required to comply with the defendant contractor's demand to arbitrate their dispute.  The defendant sought arbitration on the ground that the plaintiff had breached a construction contract.  The plaintiff alleged, among other things, the defendant's request for arbitration was barred by the statute of limitations.  The court held:

> Whether a claim is barred by the applicable statute of limitations should be decided by the court *where the agreement provides that arbitration may not be demanded after the statute*

11 - AMENDED OPINION AND ORDER

> *has run on the claim*, and where it is clear, as a matter of law, that the applicable statute has run.

*Id*. at 609 n.5 (emphasis added).  The contract at issue provided: "Notice of the demand for arbitration shall be filed in writing . . . within a reasonable time after the claim . . . has arisen, and in no event shall it be made after the date when institution of legal or equitable proceedings . . . would be barred by the applicable statute of limitations."  *Id*. at 610.

Here the construction contract does not contain any provision limiting the ability to compel arbitration outside of the applicable statute-of-limitations period.  Accordingly, the Court finds *Union County* is not controlling in this matter.

Defendant also cites three cases from other state courts to support its contention that the Court must determine the statute of limitations and/or the statute of ultimate repose issue:  *200 Levee Drive Associates v. Bor-Son Building Corporation*, 441 N.W.2d 560(1989); *Meyer v. Carnow*, 185 Cal. App. 3d 169, 175 (1986); and *Paver v. Catholic High School Association*, 38 N.Y.2d 669 (1976).

In *200 Levee Drive*, the defendant (a general contractor) moved to stay arbitration demanded by the plaintiff (a developer) to resolve a dispute arising from their construction contract.  441 N.W.2d at 562.  The contract in that case contained a provision nearly identical to the one in *Union*

12 - AMENDED OPINION AND ORDER

*County*, and the court, therefore, considered whether the claim was timely under the statute of limitations. *Id*. Thus, the court's decision to examine the statute of limitations in that case is distinguishable.

The California Court of Appeals in *Meyer* determined the applicable statute of limitations did not bar the plaintiff's motion to compel arbitration. 185 Cal. App. 3d at 175. The California Court of Appeals in a later case, however, held a defense based on statute of limitations was asserted improperly in a proceeding to compel arbitration. *Boys Club of San Fernando Valley, Inc. v. Fid. & Deposit Co.*, 6 Cal. App. 4th 1266, 1276 (1992)(whether the statute of limitations barred the filing of an amended demand against a surety was an issue for arbitration that could not be asserted in a judicial proceeding to compel arbitration). Thus, it appears California courts are undecided at best as to whether a court is required to decide the applicability of a statute of limitations in a proceeding to compel arbitration.

Finally, the New York Court of Appeals in *Paver* upheld a decision in which the lower court ordered arbitration after determining the New York statute of limitations did not bar the action. 38 N.Y.2d at 673. New York Statutes, however, provide:

> [I]f, at the time that a demand for arbitration was made, the claim sought to be arbitrated would have been barred by the Statute of Limitations had it been asserted in a court of the State, a party

13 - AMENDED OPINION AND ORDER

>        to the arbitration agreement may assert the
>        statute as a bar in an application to the court
>        for a stay of arbitration.

*Id*. (citation omitted).  Oregon, however, does not have a statute with a provision similar to the New York statute that requires the Court to examine whether the statute of limitations or the statute of ultimate repose bars arbitration.

In summary, Defendant's reliance on these out-of-state cases is misplaced because they are distinguishable and, in any event, not controlling.  Moreover, Oregon strongly favors arbitration.  *See Snow Mountain Pine, Ltd. v. Tecton Laminates Corp.*, 126 Or. App. 523, 529 (1994), rev. denied, 319 Or. 36 (1994)("[A]rbitration is required, unless we can say with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute, and we resolve all doubts in favor of coverage.").

The Court, therefore, concludes the issue as to whether Plaintiffs have satisfied the threshold requirements for initiating arbitration under the contract and whether the statute of limitations or the statute of ultimate repose bars Plaintiffs from initiating arbitration are issues for the arbitrator to resolve.

    **C.**    **Plaintiffs' Negligence Claims**

Defendant contends the arbitration provision of the contract is not applicable to Plaintiffs' negligence claims

14 - AMENDED OPINION AND ORDER

because it applies only to disputes involving the "contract documents."  According to Plaintiffs, however, their negligence claims are subject to arbitration because the contract provides for arbitration of claims "arising out of or relating to the Contract Documents" in addition to claims for breach of contract.  Plaintiffs are correct:  Their negligence claims arise out of Defendant's obligation under the contract to build Plaintiffs' home in compliance with the applicable building codes.

As noted, the Court must require arbitration under Oregon law unless it "can say with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute, and we resolve all doubts in favor of coverage."  *Snow Mountain Pine*, 126 Or. App. at 529.  Here the Court cannot "say with positive assurance that the arbitration clause" at issue "is not susceptible of an interpretation that covers" Plaintiffs' negligence claims.  Again, interpretation of the language of the contract and the intent of the parties with respect to Plaintiffs' claims for negligence are matters for the arbitrator to resolve.  The Court, therefore, concludes whether Plaintiffs' negligence claims may be resolved in arbitration is an issue for the arbitrator to determine.

### D.   Notice of Arbitration

Defendant contends the Court should not abate this matter pending arbitration because Plaintiffs' claims are not yet

15 - AMENDED OPINION AND ORDER

subject to arbitration under the contract in light of Plaintiffs' failure to comply with Oregon Revised Statute § 36.625(7), which provides:  "If the court orders arbitration, the court on just terms shall stay any judicial proceeding that involves a claim subject to the arbitration."  Plaintiffs, however, maintain the Court has the authority to stay the action pursuant to Oregon Revised Statutes §§ 36.720 and 36.620.

Oregon Revised Statute § 36.720(1) provides:  "A court having jurisdiction over the controversy and the parties may enforce an agreement to arbitrate."  Oregon Revised Statute § 36.620 provides:

> (1) An agreement contained in a record to submit to arbitration any existing or subsequent controversy arising between the parties to the agreement is valid, enforceable and irrevocable except upon a ground that exists at law or in equity for the revocation of a contract.
>
> (2) Subject to ORS 36.625 (8), the court shall decide whether an agreement to arbitrate exists or a controversy is subject to an agreement to arbitrate.
>
> (3) An arbitrator shall decide whether a condition precedent to arbitrability has been fulfilled.
>
> (4) If a party to a judicial proceeding challenges the existence of, or claims that a controversy is not subject to, an agreement to arbitrate, the arbitration proceeding may continue pending final resolution of the issue by the court, unless the court otherwise orders.

16 - AMENDED OPINION AND ORDER

The Court concludes it may abate this matter pending arbitration pursuant to Oregon Revised Statutes §§ 36.720 and 36.620 because this Court has jurisdiction over the parties and the contract contains an enforceable agreement to arbitrate. Accordingly, the Court grants Plaintiffs' Motion to Abate Case for Arbitration.

As noted, however, Plaintiffs have not yet commenced arbitration proceedings. At oral argument, Plaintiffs explained they had not done so because they did not want to expend the funds to find an arbitrator and commence arbitration proceedings before the Court decided their Motion. The Court recognizes Plaintiffs' desire to conserve funds and concludes Plaintiffs' failure to commence arbitration before the Court's decision is not fatal. The Court, however, orders Plaintiffs to commence arbitration proceedings within thirty days from the date of this Opinion and Order.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiffs' Motion to Abate Case for Arbitration (#5) on the conditions that:

1. Plaintiff Janet Hausmann files a written stipulation within fourteen days from the date of this Opinion and Order in which she agrees to be bound by the decisions of the arbitrator as if she was a party to the contract and

17 - AMENDED OPINION AND ORDER

    2. Plaintiffs initiate arbitration proceedings within thirty days from the date of this Opinion and Order.

If either of these contingencies do not occur, the Court will vacate the abatement and set case management dates for this matter to proceed on the merits.

  IT IS SO ORDERED.

  DATED this 21st day of July, 2006.

           /s/ Anna J. Brown

           _____
           ANNA J. BROWN
           United States District Judge

18 - AMENDED OPINION AND ORDER